UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ASURION, LLC, | )<br>) |
|     Plaintiff, | )<br>) |
| v. | )    Case No. 3:23-cv-00424<br>) |
| BRYAN CAVE LEIGHTON PAISNER<br>LLP and MIN CHO, | )<br>)    Judge Aleta A. Trauger<br>) |
| | ) |
|     Defendants. | ) |

## MOTION TO SEAL PORTIONS OF THE MAY 12, 2023 HEARING TRANSCRIPT

Plaintiff Asurion, LLC ("Asurion"), pursuant to Local Rule 5.03, hereby moves this Court to seal portions of the transcript from this Court's May 12, 2023 hearing. In support of this motion, Asurion states as follows:

1. On February 10, 2023, the former owners of a privately-held company sent a dispute notice to Asurion through their purported attorney, Mr. Timothy Beyer of Defendant Bryan Cave Leighton Paisner LLP ("Bryan Cave").

2. Due to Bryan Cave's prior representation of Asurion, Asurion sought, and obtained, a preliminary injunction prohibiting Bryan Cave from representing the former owners while this Court considered Asurion's declaratory judgment claim.[1]

3. The hearing for this preliminary injunction was held on May 12, 2023 (the "Hearing"), but the transcript was only recently filed with the Court. *See* Dkt. 43.

---

[1] The parties subsequently settled this matter, and the case is now closed. *See* Dkt. 40.

1

4. The Hearing's transcript necessarily references privileged confidences Asurion shared with Bryan Cave and privileged advice Bryan Cave provided to Asurion to show that the prior representation was substantially related to the current dispute. These portions of the transcript should not be publicly disclosed. *See* L.R. 5.03(a) ("[I]nformation covered by a recognized privilege (such as the attorney-client privilege) . . . is typically enough to overcome the presumption of public access.").

5. The Hearing's transcript likewise necessarily references substantive allegations from the underlying dispute, which is now proceeding in a confidential dispute resolution process. Asurion should not have to abdicate its contractual right to confidentiality for the underlying dispute to protect its confidences with its former counsel and its privileged and confidential information or to ensure that its prior in-house counsel on substantially related matters does not work adverse to its interests. *See Proctor & Gamble Co. v. Ranir, LLC*, No. 1:17-CV-185, 2017 WL 3537195, at *3 (S.D. Ohio Aug. 17, 2017) (permitting redacted versions of documents to be filed under seal when the documents included "confidential agreements," "sales trends and analysis," "pricing strategy," and "marketing strategy"); *see also Kentucky v. Marathon Petroleum Co.*, No. 3:15-CV-354, 2018 WL 3130945, at *6 (W.D. Ky. June 26, 2018) (protected business information includes items that "may not be 'trade secrets' in the technical sense … [but would] undoubtedly constitute 'information which is used in [the party's] business, and which gives [it] an opportunity to obtain an advantage over competitors'" (quoting *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846, 2012 WL 6115623, at *1 (N.D. Cal. Decl. 10, 2012)).

6. Asurion will suffer a clearly defined and serious injury if these materials are not sealed, namely the unwarranted exposure of its sensitive business information and privileged advice from its attorneys. *See Marathon Petroleum Co.*, 2018 WL 3130945, at *5 ("Examples of

injuries sufficient to justify a sealing of judicial records include those that could be used as sources of business information that might harm a litigant's competitive standing." (internal quotation and citation omitted)). Asurion's interest in protecting this information outweighs any public interest in its disclosure. *See id.*

7. Asurion is therefore moving for this Court to seal portions of the Hearing's transcript.

8. This Court previously ensured that Asurion's confidential and privileged information would not be improperly used in the underlying dispute. Allowing Asurion to seal portions of the Hearing's transcript will ensure that this information remains confidential.

For the foregoing reasons, Asurion requests that this Motion to Seal Portions of the May 12, 2023 Hearing Transcript be granted.

DATED: May 1, 2024

Respectfully submitted,

*/s/ Jessalyn H. Zeigler*
Overton Thompson (TN Bar No. 011163)
Jessalyn H. Zeigler (TN Bar No. 016139)
Courtney A. Hunter (TN Bar No. 038014)
**BASS, BERRY, & SIMS PLC**
150 Third Avenue South Suite 2800
Nashville, TN 37201
(615) 742-6289
OThompson@bassberry.com
JZeigler@bassberry.com
Courtney.hunter@bassberry.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2024 a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system and/or U.S. Mail upon the following:

W. Scott Sims
Erik C. Lybeck
Michael R. O'Neill
Sims Funk
3322 West End Ave., Suite 200
Nashville, TN 37203
(615) 292-9335
ssims@simsfunk.com
elybeck@simsfunk.com
moneill@simsfunk.com

Min Cho
4013 Timber Ln.
Orlando, FL 32804-2236

/s/Jessalyn H. Zeigler